UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| ZACHARY FREEMAN NICHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | CIVIL ACTION NO.: |
| ) | |
| TROY FOLES, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Zachary Nichols brings this complaint under 42 U.S.C. § 1983 against Defendant Troy Foles, in his individual capacity.

## PARTIES

1. Plaintiff Zachary Nichols ("Plaintiff") is a citizen and resident of Florida.

2. The Coweta County Sheriff's Office employed defendant Troy Foles ("Cpl. Foles") as a law enforcement officer at all times relevant to this complaint.

3. At all times relevant to this complaint, Cpl. Foles acted under the color of law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this case presents a federal question.

5. Upon service of process, this Court acquires personal jurisdiction over Defendant under Fed. R. Civ. P. 4(k)(1)(a).

6. Venue is proper in the Newnan Division of the Northern District of Georgia under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7. On June 30, 2017, Cpl. Foles and Patrol Officer Randy Mickle responded to a burglary call in Coweta County.

8. According to the owners of the property at which the burglary occurred, someone removed the lock to their storage container and stole tools and a four-wheeler from the container.

9. At the time of the burglary, Zachary Nichols lived with a friend, Paul Bell, across the street from where the burglary occurred.

10. At the time of the initial burglary report, the only physical evidence located by investigators at the scene of the burglary consisted of two cigarette butts found on the ground outside the container.

11. On or about July 7, 2017, the storage container owners found a beer can in the container that did not belong to them and provided the can to investigators.

12. On July 10, 2017, Mr. Bell's mother called the Coweta County Sheriff's Office concerning the theft from the storage container, offering to provide evidence.

13. Responding to Mr. Bell's mother's offer, Cpl. Foles went to the house where Mr. Bell and Nichols had been staying. When there Foles collected an empty packet of Winston cigarettes that had been in a garbage can at the house. The empty cigarette box still had a plastic wrap around it.

14. The next day, on July 11, 2017, another investigator from the Coweta County Sheriff's Office went to the house where Mr. Bell and Nichols had been staying and collected two Winston brand cigarette butts.

15. On August 2, 2017, Investigator Ryan Foles, Defendant Foles' brother, submitted the following four pieces of evidence for testing by the Georgia Bureau of Investigation (GBI):

   a. "Item 1" consisting of the two cigarette butts collected from the scene of the storage container by Patrol Officer Mickle.

   b. "Item 2" consisting of the two cigarette butts collected from the house where Mr. Bell and Nichols had been staying.

   c. "Item 3" consisting of the Winston cigarette pack collected by Cpl. Foles from the residence where Mr. Nichols had been staying.

    d. "Item 4" contained the beer can collected by the property owners and brought to the investigators.

16. On January 23, 2019, the GBI matched a latent fingerprint to Mr. Nichols from the plastic wrapper on the Winston cigarette pack (item 3) collected by Cpl. Foles at Mr. Nichols' former residence.

17. None of the other items tested by the GBI returned any results.

18. This match of Item 3 was expected because Cpl. Foles collected the evidence from the garbage can at the house where Mr. Nichols had been staying with Mr. Bell. Such a "match" did not lead to any rational conclusion that Nichols was in any way linked to the scene of the burglary.

19. Cpl. Foles knew that there was no GBI testing that connected Plaintiff to the scene of the burglary and no other evidence that supported a belief that there was probable cause to believe that Plaintiff committed or participated in the burglary.

20. Nevertheless, on February 12, 2019, Cpl. Foles swore out an affidavit to Magistrate Judge Jim Stripling in which he concluded with the following factual assertion: "Based on the information above documenting the fact that the accused's fingerprints have been positively identified from evidence collected from inside the building in which was burglarized and could have only been left behind from the offender."

21. In his arrest warrant affidavit, Cpl. Foles did not specify which piece of evidence returned the positive fingerprint match.  Mr. Nichols' fingerprints were never found to have been on "evidence collected from inside the building (which had been) burglarized."

22. Magistrate Judge Stripling issued an arrest warrant for Plaintiff on February 12, 2019, based solely on the allegations made within Cpl.'s Foles arrest warrant application.

23. Cpl. Foles' allegations in the arrest warrant application concerning the evidence were false.

24. Cpl. Foles knew at the time he swore out the warrant that the evidence which had positively matched Mr. Nichols' fingerprint was not located at the crime scene.

25. Plaintiff was arrested in Florida based on the Foles' warrant on or around April 4, 2019, and extradited to Georgia on or around April 21, 2019.

26. Plaintiff was released on a $5,700 bond on April 22, 2019.

27. Plaintiff hired private counsel to defend him against the false accusations and was required to travel to Georgia on several occasions to appear in court.

28. On March 2, 2022, the Coweta County Superior Court entered an order of Nolle Prosequi upon the recommendation of the Assistant District Attorney.

## COUNT I
*Violation of the Fourth Amendment*
*under 42 U.S.C. § 1983*
*against Corporal Foles*

29. Cpl. Foles initiated a criminal prosecution against Plaintiff when he sought and obtained arrest warrants charging Plaintiff violating O.C.G.A. § 16-7-1(c).

30. The dismissal of the proceedings against Plaintiff constitutes a favorable termination on the merits of the criminal prosecution.

31. Cpl. Foles knew the information he supplied to the magistrate was false, or acted with reckless disregard to the truth of the he submitted to the magistrate.

32. Cpl. Foles knowingly or recklessly omitted material and exculpatory information from his arrest warrant application which would have shown there was no probable cause to charge Plaintiff with violating O.C.G.A. § 16-7-1(c).

33. The issuance of the arrest warrant was the sole and proximate cause of Plaintiff's arrest, incarceration, prosecution, and resulting damages. These damages include the loss of Plaintiff's liberty, reputational damage, humiliation, lost wages, and emotional distress.

### *Request for Relief*

Plaintiff requests this Court:

    a. Hold a trial by jury on all issues so triable;

    b. Award Plaintiff compensatory, special, and punitive damages against Cpl.

Foles in an amount to be proven at trial;

c. Award Plaintiff attorney's fees under 42 U.S.C. § 1988;

d. Grant any relief to which Plaintiff is entitled as a matter of law or equity.

Submitted on March 28, 2023.

**Jeff Filipovits**
Georgia Bar No. 825553

**Wingo F. Smith**
Georgia Bar No. 147896

SPEARS & FILIPOVITS, LLC
315 W. Ponce de Leon Ave., Ste. 865
Decatur, Georgia 30030
404-905-2225
jeff@civil-rights.law
wingo@civil-rights.law